IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MEYERS, | : | |
| | : | |
| Petitioner | : | |
| | : | CIVIL NO. 1:10-CV-1817 |
| | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| | : | |
| WARDEN R. MARTINEZ, | : | |
| | : | |
| Respondent | : | |
| DAVID MEYERS, | : | |
| | : | |
| Petitioner | : | |
| | : | CIVIL NO. 1:11-CV-0536 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| | : | |
| WARDEN R. MARTINEZ, | : | |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

April 19, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner David Meyers, an inmate presently confined at the United States Penitentiary Allenwood ("USP Allenwood") in White Deer, Pennsylvania, initiated the above-captioned actions *pro se* by filing Petitions for Writ of Habeas Corpus under the provisions of 28 U.S.C. § 2241. Meyers also previously filed a Petition for

Writ of Habeas Corpus in a case filed at Civil No. 1:10-CV-2445.  By Memorandum and Order dated January 18, 2011, the Petition filed in the latter action was consolidated with the Petition filed in the action at Civil No. 1:10-CV-1817, service of the Petitions was directed, and Respondent was directed to file an answer solely addressing Meyers' claims that he was denied due process in his disciplinary proceedings; challenging his loss of good conduct time as a sanction following disciplinary proceedings; challenging the calculation of his sentence based upon an alleged failure to credit him with good conduct time for completing educational courses and for time served in Virginia prisons; and challenging the denial of an opportunity to participate in the home detention program.  (*See Meyers v. Martinez*, Civil No. 1:10-CV-1817, Doc. 4 at 12-13 ¶ 7.)

On February 8, 2011, Respondent filed a Response (Doc. 5) and supporting exhibits (Doc. 5-2).  In responding to Meyers' claim challenging the alleged denial of participation in home confinement, Respondent indicated that a determination as to Meyers' eligibility for participation in home confinement would not be made until he was placed in a Residential Re-entry Center ("RRC"), and that, although a request had been submitted for Meyers to receive up to ninety (90) days of RRC placement, as of February 3, 2011, no decision yet had been made on his placement.  (*See Meyers v. Martinez*, Civil No. 1:10-CV-1817, Doc. 5 at 26 (citing Ex. A, Sullivan Decl. ¶ 20; Ex. A, Attach. 4, ALP Destination "Waiting for CCC Action").)  Meyers filed his

2

Reply Brief (Doc. 6) on February 22, 2011, and thus the consolidated Petitions in Civil No. 1:10-CV-1817 are fully briefed and ripe for review.

On March 22, 2011, Meyers filed a new Petition for Writ of Habeas Corpus at Civil No. 1:11-CV-0536 that presently is before the Court for screening.  In this new Petition, Meyers again states that he is challenging his illegal detention based upon the BOP granting him a "home eligibility"date of January 8, 2011, but he states that he now has been denied placement in an RRC on the grounds that there is no bed space at the Virginia RRC.  (*Meyers v. Martinez*, Civil No. 1:11-CV-0536, Doc. 1 at 3-4.) Attached to Meyers' newly filed Petition is a copy of a Response to an Inmate Request submitted by Meyers to Warden Martinez in which Martinez observes that, as of February 28, 2011, Meyers' request for RRC placement had been denied by Community Corrections due to "No Bed Space."   (*See Meyers v. Martinez*, Civil No. 1:11-CV-0536, Doc. 1 at 10.)

In his newly filed Petition, Meyers also re-asserts his challenge to the calculation of his sentence based upon an alleged failure to provide him with credit for time he served in Virginia prisons.  (*Id.* at 4.)  This claim already has been raised and fully briefed in the consolidated Petitions at Civil No. 1:10-CV-1817.  However, Meyers also raises a new challenge to the BOP's calculation of his sentence based upon an alleged failure to provide him with an adequate yearly award of good conduct time.  (*Id.* at 4.)

3

Because Meyers' challenges in the newly filed Petition to the denial of RRC placement and to the BOP's failure to award adequate good conduct time relate to the subject matter of his consolidated Petitions in the cases at Civil Nos. 1:10-CV-1817 and 1:10-CV-2445 that already have been fully briefed and are ripe for review, for the sake of judicial economy, we shall construe Meyers' new Petition as a Motion to Supplement the consolidated Petitions with these new challenges.

As such, we shall direct that the Petition in Civil No. 1:11-CV-0536 be filed as a Motion to Supplement the Petitions in Civil Nos. 1:10-CV-1817 and 1:10-CV-2445, grant the Motion, direct service of the Motion, this Memorandum, and accompanying Order on Respondent, and direct Respondent to file a supplemental brief within twenty-one (21) days addressing Meyers' challenge to the denial of RRC placement and to the BOP's calculation of his yearly award of good conduct time. We also shall afford Meyers an opportunity to file a reply to Respondent's filing within fourteen (14) days after the date of filing. Accordingly, we shall grant Meyers' Motion for leave to proceed *in forma pauperis* in the action filed at Civil No. 1:11-CV-0536 for the sole purpose of filing the Petition, and direct that the action be closed. An appropriate Order will enter.